IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JOEY LEE HENSON                                                                                    PLAINTIFF

v.                                          Civil No. 2:21-cv-02124

JOHN DOE DOCTOR,
Crawford County Detention Center;
RYAN NORRIS, Public Defender;
RINDA BAKER, Prosecuting Attorney; and
JUDGE CANDICE A. SETTLE                                                                       DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed by Plaintiff pursuant to 42 U.S.C. § 1983. Plaintiff, Joey Lee Henson, proceeds in this matter *pro se*. (ECF No. 1). Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2011), the Honorable P. K. Holmes, III, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

Plaintiff filed the Complaint in this matter on July 9, 2021. (ECF No. 1). Also on July 9, 2021, Plaintiff filed a Motion for Leave to Proceed *In Forma Pauperis*. (ECF No. 2). In an Order entered on the same date, the Court noted that Plaintiff failed to submit a certificate regarding his inmate account with his *in forma pauperis* (IFP) application. (ECF No. 4). Plaintiff was given until July 30, 2021, to either submit a complete IFP application, including a certificate regarding his inmate account, and return the application to the Court for review and filing, or pay the filing fees. (*Id*.). Plaintiff was warned that if he "**fails to file the complete IFP application or pay the $402 by July 30, 2021, the complaint shall be dismissed, without further notice, for failure to obey an order of the Court**." (*Id*.).

1

Plaintiff was also given until July 30, 2021, to submit an Amended Complaint. (ECF No. 4). The Order states: "**This case shall be subject to dismissal if Plaintiff fails to return the Amended Complaint to the Court by the July 30, 2021, deadline**." (*Id.*).

Plaintiff has not submitted a complete IFP application, paid the filing fees, or submitted an Amended Complaint. On August 6, 2021, the Court entered an Order, giving Plaintiff until August 30, 2021, to show cause why this action should not be dismissed for failure to obey an order of the Court. (ECF No. 6). Plaintiff was cautioned that "[f]ailure to respond to this Order **shall** result in the dismissal of this action." Plaintiff has not responded to the show cause Order.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey,* 806 F.2d 801, 803–04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to obey an Order of the Court and has failed to prosecute this matter. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), it is recommended that Plaintiff's Complaint in this case be **DISMISSED WITHOUT PREJUDICE.**

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

DATED this 7th day of September 2021.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE